UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE RENEE HUGHES, | Case No. C21-1368RSM |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I.     INTRODUCTION

Before the Court is Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Dkt. #1. Michelle Renee Hughes challenges the 52-month sentence imposed on her by this Court following her guilty plea for eight counts including mail fraud, making false statements, and aggravated identity theft. *Id.* at 1; Case No. 2:19-cr-00124-RSM, Dkts. #12, #46. Petitioner asserts what appear to be ineffective-assistance-of-counsel claims and claims that her fraudulent acts were lawful. After full consideration of the record, and for the reasons set forth below, the Court DENIES this § 2255 Motion.

## II.     BACKGROUND

The Court generally agrees with the relevant background facts as set forth by the Government and demonstrated by court records. *See* Dkt. #5 at 2–8. Ms. Hughes has failed to file a reply brief and therefore does not dispute this largely procedural background. The Court will attempt to focus only on those facts necessary for a ruling.

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 - 1

Ms. Hughes was involved in forging signatures and defrauding individuals into purchasing two aircraft in 2019 that legally belonged to third parties. Law enforcement posed as buyers for the aircraft in an undercover operation and arrested Ms. Hughes on June 13, 2019.

The Government initially charged Ms. Hughes by Complaint with two counts of false statements and two counts of aggravated identity theft. Case No. 2:19-cr-00124-RSM, Dkt. #1. Although the Government sought pretrial detention, Ms. Hughes was released on bond. Case No. 2:19-cr-00124-RSM, Dkt. #10. The grand jury in June 2019 returned an eight-count indictment. Counts One and Two charged Ms. Hughes with mail fraud, in violation of 18 U.S.C. § 1341. Counts Three through Six charged her with false statements, in violation of 18 U.S.C. § 1001. Counts Seven and Eight charged her with Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A. Case No. 2:19-cr-00124-RSM, Dkt. #12.

Ms. Hughes violated her pretrial bond by attempting to flee the country at the U.S.-Canada border and her bond was revoked. Case No. 2:19-cr-00124-RSM, Dkts. #37 and #46.

Ms. Hughes filed no pretrial motions. On April 30, 2020, she pleaded guilty to all eight counts. Case No. 2:19-cr-00124-RSM, Dkt. #47. At the change-of-plea hearing, after being placed under oath, Ms. Hughes confirmed that she had previously entered guilty pleas and had reviewed the plea agreement with trial counsel. Case No. 2:19-cr-00124-RSM, Dkt. #68 at 3, 5. The Court then went through the elements of each crime listed in the indictment, confirming Ms. Hughes understood all the elements required to establish her guilt. *Id*. at 5-8. The Court went over, in detail, each right Ms. Hughes was giving up by pleading guilty, including the right to persist in a non-guilty plea. *Id*. at 11-12. When asked if she understood these rights, Ms. Hughes said, "Yes, I do." *Id*. at 12. The Court read the plea agreement's factual statement

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 - 2

verbatim into the record and asked Ms. Hughes "is this what happened" and she replied in the affirmative. *Id.* at 20.

Ms. Hughes' sentencing memorandum appears to credibly admit guilt and remorse for what she did in this case. *See* Case No. 2:19-cr-00124-RSM, Dkt. #57. She apologized for her actions at the sentencing hearing.

The Court calculated Ms. Hughes' Sentencing Guidelines range as 37 to 46 months based on a total offense level of 20 and a criminal history category of II. Case No. 2:19-cr-00124-RSM, Dkt. #69 at 13. The Court noted that Counts Seven and Eight carried a mandatory-minimum sentence of 24 months, required by statute to run consecutive to any other sentence imposed. *Id*. The Court adopted the joint recommendation of the parties, granted Ms. Hughes full credit for acceptance of responsibility, and imposed a below-Guidelines prison sentence of 28 months on counts One through Six, and 24 months on Counts Seven and Eight, to be run consecutive, for a total of 52 months' imprisonment. *Id*.

Ms. Hughes filed a notice of appeal and was assigned appellate counsel. Case No. 2:19-cr-00124-RSM, Dkt. #62, #67. In May 2021, while represented by counsel, Ms. Hughes moved under Federal Rule of Appellate Procedure 42(b) and Ninth Circuit Rule 27-9 to dismiss her own appeal. Case No. 20-30262, Dkt. #14-1 (9th Cir. May 16, 2021). Ms. Hughes' counsel confirmed to the Ninth Circuit that "[t]his motion is made with the consent of appellant Michelle Renee Hughes." *Id*. at 1. Ms. Hughes submitted a signed letter to the Ninth Circuit "verify[ing] that I consent to the voluntary dismissal of my direct appeal" and confirming that "I have been advised by my counsel that I have a constitutional right to a direct appeal"; that "[m]y counsel also advised me regarding the effects of voluntarily dismissing my direct appeal"; that "I understand that I am giving up my constitutional right to a direct appeal"; and

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 - 3

that "this letter will serve as an exhibit to" the motion. Case No. 20-30262, Dkt. #14-2 (9th Cir. May 16, 2021). The Ninth Circuit granted Ms. Hughes' unopposed motion and dismissed the appeal.

Ms. Hughes filed this instant petition pro se on October 6, 2021.  Dkt. #1.  She requests release from prison, financial compensation, return of property "including aircrafts," and cancelation of court cost and restitution. *Id*. at 12.

Ms. Hughes asserts three grounds for relief—one for each category of charge. For Ground One, she challenges her two mail-fraud convictions, Counts One and Two, by claiming that "[t]he forms said to claim abandoned property you must mail the forms only.  To claim the property you must mail the paperwork to the FAA in Oklahoma City, Oklahoma. You could not appear in person." *Id.* at 5.  Ms. Hughes then alleges that "[m]y attorney never filed any motions that she claimed.  She never investigated my evidence.  I was prosecuted based on my poverty status." *Id*. For Ground Two, Ms. Hughes challenges her four false-statement convictions, Counts Three through Six, by claiming that she:

> was following instructions according to the Owners Manual. I have the legal right to claim the aircraft. Aircrafts [sic] was abandoned because owners refusal to renew ownership of Aircraft. The Aircrafts [sic] was abandoned for at least 6 months. If the owners could not front the $10 for renewal then how did they have tens of thousands of dollars for a private attorney. They were using the aircrafts for illegal activities. It is unjust. When will I ever receive justice for false i[m]prisonment. How can it be a false statement if it tells you what to put down on forms.

*Id.* at 6. Ms. Hughes again repeats her claim that "[m]y attorney never filed any motions that she claimed." *Id*.  For Ground Three, Ms. Hughes challenges her two aggravated identity theft convictions, Counts Seven and Eight, by claiming that "I was following instructions on the forms. The owners manual claimed that I had to sign the previous owners names.  It said it on

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 - 4

page 94 or 95, in the very first sentence." *Id.* at 8. Ms. Hughes again claimed that "my attorney never filed any motions that she claimed." In her filing, Ms. Hughes fails to support her assertions with record citations, exhibits, a declaration, or any other evidence. She has not requested an evidentiary hearing or discovery.

### III. DISCUSSION

#### A. Legal Standard

A motion under 28 U.S.C. § 2255 permits a federal prisoner in custody to collaterally challenge her sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the maximum authorized by law.

A petitioner seeking relief under Section 2255 must file her motion with the one-year statute of limitations set forth in § 2255(f).

A claim may not be raised in a Section 2255 motion if the defendant had a full opportunity to be heard on the claim during the trial phase and on direct appeal. *See Massaro v. United States*, 123 S. Ct. 1690, 1693 (2003). Where a defendant fails to raise an issue before the trial court, or presents the claim but then abandons it, and fails to include it on direct appeal, the issue is deemed "defaulted" and may not be raised under Section 2255 except under unusual circumstances. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *see also United States v. Braswell*, 501 F.3d 1147, 1149 & n.1 (9th Cir. 2007). Unless the petitioner can overcome this procedural default, the Court cannot reach the merits of his claims. *See Bousley*, 523 U.S. at 622. To do so, the petitioner must "show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."

*United States v. Frady*, 456 U.S. 152, 168 (1982).[1]  To demonstrate "cause" for procedural default, a defendant generally must show that "some objective factor external to the defense" impeded his adherence to a procedural rule.  *Murray*, 477 U.S. at 488.  *See also United States v. Skurdal*, 341 F.3d 921, 925 (9th Cir. 2003).  The Supreme Court has held that "cause" for failure to raise an issue exists "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel."  *Reed v. Ross*, 468 U.S. 1, 16 (1984).  The "prejudice" prong of the test requires demonstrating "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *Frady*, 456 at 170.

**B. Analysis**

There is no dispute that Ms. Hughes meets the "custody" requirement of the statute and that this is Motion is timely under § 2255(f).  This is not a second or successive petition.

The Government first argues that all of Ms. Hughes' claims, except for her ineffective assistance claims, are barred by the collateral-review waiver in her plea agreement.  Dkt. #5 at 10 (citing, *inter alia*, *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *United States v. Goodall*, 15 F.4th 987, 993-97 (9th Cir. 2021)).  The Court agrees.  The Court's colloquy with Ms. Hughes at the change-of-plea hearing confirmed she understood her decision to waive her appellate and collateral-review rights.  Because she does not dispute that her "plea agreement as a whole was knowingly and voluntarily made," any freestanding innocence claims in her § 2255 motion are barred by the explicit terms of her collateral-review waiver. *United States v. Jeronimo*, 398 F.3d 1149, 1154 (9th Cir. 2005).

---

[1] Another means by which procedural default may be excused is by establishing actual innocence. *See Bousley*, 523 U.S. at 622.

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 - 6

Ms. Hughes' claims of innocence are foreclosed by the guilty plea for the reasons stated in Government briefing, even if there had not been a waiver. Dkt. #5 at 11.

All of Ms. Hughes' claims, except for her ineffective assistance claims, are also procedurally defaulted given Ms. Hughes' failure to raise them on direct appeal. She has failed to demonstrate sufficient cause for the default or to present any evidence that she is actually innocent of these offenses.

This just leaves Ms. Hughes' ineffective assistance of counsel claims.

Ineffective-assistance claims may be brought on collateral review even if not raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). The standards to be applied to ineffective assistance claims are those defined in *Strickland v. Washington*, 466 U.S. 668 (1984). Such a claim has two components: inadequate performance by counsel, and prejudice resulting from that inadequate performance. To prevail, a defendant first must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. However, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 688 (citation omitted). The presumption is that counsel was competent. *Id*. Even if the first part of the *Strickland* test is satisfied, a defendant is not entitled to relief unless he can show prejudice. *Id*. at 687. A defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 - 7

Ms. Hughes has failed to show that her counsel committed any error, and thus she has failed to show that she would not have pleaded guilty or that her counsel otherwise "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland* at 687. She offers no details as to the motions that should have been filed by counsel, or the evidence that her counsel failed to investigate. She makes only conclusory arguments as to these points. She has failed to file a reply brief addressing the Government's valid points on these issues.

### C. Certificate of Appealability

A petitioner seeking post-conviction relief under § 2255 may appeal this Court's dismissal of his petition only after obtaining a Certificate of Appealability ("COA") from a district or circuit judge. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003). The Court finds that the law above is clear and there is no basis to issue a COA.

### IV.  CONCLUSION

Having considered Petitioner's motion, Respondent's answer thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1. Petitioner's Motion under § 2255 (Dkt. #1) is DENIED. No COA shall be issued.
2. This matter is now CLOSED.

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 - 8

3. The Clerk of the Court is directed to forward a copy of this Order to Petitioner and all counsel of record.

DATED this 5th day of October, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 - 9